UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SAUL ONZURES | No. 3:18-cr-00112 (VAB) |

**RULING AND ORDER ON MOTION TO REDUCE SENTENCE**

Saul Onzures ("Defendant") has moved to reduce his sentence under Federal Rules of Criminal Procedure 35 and 18 U.S.C. § 3582(c)(1)(A)(i), as amended by Section 603 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018). *See* Mot. and Mem. to Modify/Reduce Sentence, ECF No. 134 (Jan. 7, 2022) ("Def. Mot").

The United States (the "Government") does not oppose his motion. *Id.* at 1.

For the reasons set forth below, Mr. Onzures's motion for a reduced sentence is **GRANTED**.

Mr. Onzures's term of imprisonment is reduced to **TIME SERVED**, followed by a period of three (3) years of supervised release, to be served in home incarceration for thirty (30) days, after which, if successfully completed, he may be eligible for home detention or curfew. Mr. Onzures shall be released from Bureau of Prisons custody by **January 18, 2022**, in accordance with the terms of this Order.

**I.      BACKGROUND**

On May 30, 2018, a grand jury returned an indictment against Mr. Onzures and three alleged co-conspirators. Indictment, ECF No. 1 (May 30, 2018). The indictment charged Mr. Onzures with one count of conspiracy to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846 ("Count One"). *Id.*

1

¶¶ 1–4.

On March 11, 2019, Mr. Onzures pled guilty to Count One. *See* Min. Entry, ECF No. 67 (Mar. 11, 2019); Plea Agreement, ECF No. 68 (Mar. 11, 2019). This Court then sentenced Mr. Onzures to a period of twenty-seven (27) months of incarceration and three (3) years of supervised release on June 18, 2019. J., ECF No. 97 (June 18, 2019).

On September 4, 2019, Mr. Onzures was sentenced in New York state court to a period of incarceration of three and one-half years to be served "concurrent" with his federal term. *See* Ex. A to Mot and Mem. to Modify/Reduce Sentence at A3, A4 (sealed), ECF No. 134 (Jan. 7, 2022) ("Ex. A").

On October 23, 2020, New York State released Mr. Onzures to the custody of the Federal Bureau of Prisons ("BOP") to serve his federal sentence. *Id.* at A1. The BOP has calculated Mr. Onzures's full sentence as expiring on November 5, 2022, with an expected completion date of July 7, 2022. *Id.* Mr. Onzures's state sentence has concluded. *Id.* at A1, A5.

Currently, Mr. Onzures is in BOP custody at a residential reentry center. *See* Def. Mot. at 6; s*ee also* Fed. Bureau of Prisons, Inmate Locator (Saul Onzures), https://www.bop.gov/inmateloc/ (last visited Jan. 10, 2022) (showing location of Saul Onzures at San Antonio Residential Reentry Management).

**II.   STANDARD OF REVIEW**

A court may modify a term of imprisonment in two circumstances: (1) "upon motion of the Director of the Bureau of Prisons [("BOP")];" or (2) "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . ." 18 U.S.C. §

3582(c)(1)(A); *see also United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020) (stating that "[i]n December 2018, as part of the First Step Act, Congress worked a change to th[e] rule of long standing" that a court could only modify a sentence upon motion from the Bureau of Prisons).

A court may grant such a modification only if it finds that "extraordinary and compelling reasons warrant" release. 18 U.S.C. § 3582(c)(1)(A). In determining whether to grant a motion to modify a sentence, a court must also consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).

## III.  DISCUSSION

Mr. Onzures seeks an order directing reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

*Id.* Section 3582(c)(1)(A) authorizes courts "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court]" in adjudicating motions for release under the statute. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

The Court will consider each of these factors below.

**A.  Exhaustion**

Normally, under 18 U.S.C. § 3582(c)(1)(A), a court may not modify or reduce a defendant's sentence on that defendant's motion when the defendant has not exhausted his administrative remedies by either (1) appealing a failure of the BOP to bring such a motion on the defendant's behalf or (2) the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility. *See* 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement, however, is not absolute, especially where this Court and others have waived the exhaustion requirement during the COVID-19 pandemic. *See United States v. Gileno*, 455 F. Supp. 3d 1, 6 (D. Conn. 2020) ("Numerous district courts in the Second Circuit . . . have waived the exhaustion requirement during the COVID-19 pandemic."); *see also, e.g.*, *United States v. Zuckerman*, 16-CR-194 (AT), 451 F. Supp. 3d 329, 331–34 (S.D.N.Y. Apr. 3, 2020); *United States v. Colvin*, No. 3:19-CR-179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020); *United States v. Perez*, No. 17-CR-513-3 (AT), 451 F. Supp. 3d 288, 291–93 (S.D.N.Y. Apr. 1, 2020).

"Even where exhaustion is seemingly mandated by statute . . . , the requirement is not absolute." *Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019). "[T]he requirement of completing the administrative process may be waived 'if one of the recognized exceptions to exhaustion applies.'" *United States v. McCarthy*, 453 F. Supp. 3d 520, 525 (quoting *Perez*, 451 F. Supp. 3d at 291). These exceptions include: (1) where exhaustion would be futile, including where undue delay due to exhaustion may result in "catastrophic health consequences;" (2) where "the administrative process would be incapable of granting adequate relief;" and (3) where "pursuing agency review would subject plaintiffs to undue prejudice." *Washington*, 925 F.3d at 118–20.

Mr. Onzures does not discuss the exhaustion requirements in his briefing, but the

4

Government has not opposed his motion. *See* Def. Mot. at 1. The Court therefore "need not decide in this case whether [Mr. Onzures] has exhausted his administrative remedies, or whether he is excused from doing so, because the Government has forfeited the issue." *United States v. Tyson*, No. 3:13-CR-002 (MPS), 2020 WL 3451694, at *2 (D. Conn. June 24, 2020).

Accordingly, as the Government has not argued that Mr. Onzures failed to exhaust his administrative remedies or that exhaustion is otherwise a barrier to relief, the Court continues on to the merits of Mr. Onzures's motion.

### B. Extraordinary and Compelling Reasons

Mr. Onzures argues that extraordinary and compelling reasons for release exist because the Bureau of Prisons failed to account for the intention of the New York State court, as well as the intention of this Court, that the state and federal sentences run concurrently, rather than consecutively. Def. Mot. at 4–5. Mr. Onzures also argues that extraordinary and compelling reasons exist where the COVID-19 pandemic has made Mr. Onzures's sentence "more punitive than intended due to lack of programming, restrictions of movement, and risk of serious illness." *Id.*

Since the outbreak of the COVID-19 pandemic, numerous courts within this Circuit have found that, in certain, individual circumstances, COVID-19 conditions can constitute "extraordinary and compelling reasons" warranting relief. *See, e.g.*, *United States v. Delgado*, 457 F. Supp. 3d 85, 89 (D. Conn. Apr. 30, 2020) (granting compassionate release where the defendant had a BMI of 40.2, finding that his "severe obesity and sleep apnea put him at increased risk should he contract COVID-19"); *United States v. Morales*, No. 3:19-CR-121 (KAD), 2020 WL 2097630, at *3 (D. Conn. May 1, 2020) (slip op.) (recognizing district courts have found that "[a]sthma is a condition that places a person at increased risk for serious

5

complications, or even death, if the person contracts COVID-19" and "creates a[n] extraordinary and compelling reason for sentence reduction" (internal quotation marks and citation omitted)); *McCarthy*, 453 F. Supp. 3d at 527 ("[Mr.] McCarthy is 65 years old and suffers from COPD, asthma, and other lung-related ailments . . . . The defendant's age and medical condition, taken in concert . . . with the COVID-19 public health crisis, constitute an extraordinary and compelling reason to reduce [Mr.] McCarthy's sentence.").

This Court, however, need not decide whether the circumstances of the COVID-19 pandemic weigh in favor of release in this case, where other "extraordinary and compelling circumstance[s]" weigh in favor of the Mr. Onzures's release. *See United States v. Gonzalez*, No. 3:15-CR-00223 (MPS), 2020 WL 5793304, at *1 (D. Conn. Sept. 29, 2020) (slip op.) ("[B]ecause [Mr.] Gonzalez – and not the [BOP] – brings the instant motion, [the Court is] not bound by the Sentencing Commission's outdated policy statement applicable to Section 3582(c)(1)(A) . . . , which the Second Circuit recognized as only applying to motions for sentence reduction brought by the BOP." (internal citations omitted) (citing *Brooker*, 976 F.3d at 230, 235–36)).

At the time this Court imposed a federal sentence, no state sentence had been imposed. The Court, therefore, could not order the federal sentence to run concurrent with the state sentence, despite its conclusion that "the Court should certainly have any time [Mr. Onzures] serves be concurrent" with time served in state prison for the same underlying conduct. *See* Sentencing Tr. at 22, 27, ECF No. 133 (Jan. 7, 2022). Thereafter Mr. Onzures was sentenced in New York state court to a period of incarceration of three and one-half years to be served "concurrent" with his federal term. *See* Ex. A at A4, A5.

The twenty-seven (27) month period of incarceration imposed by this Court, had the

sentence run concurrently from the date of sentencing on June 13, 2019, would have terminated on or about Monday, September 13, 2021. These facts, in combination with the Government's lack of opposition to the instant motion, constitute "extraordinary and compelling" circumstances warranting release.

### C.  Section 3553(a) Factors

On the record before the Court, the factors under § 3553(a) also weigh in favor of release. The Court recognizes that Mr. Onzures has a prior criminal history. *See* Presentence Report at 7–8 ¶¶ 25–27, ECF No. 84 (May 23, 2019) ("PSR"). The Court also recognizes that the nature of the underlying offense, involving a drug conspiracy of which Mr. Onzures was a part, is undoubtedly serious. Because the "nature and circumstances" of Mr. Onzures's crimes, particularly his crime of conviction, are "undoubtedly serious, [this] may weigh against granting [ ] release." *United States v. De La Cruz*, No. 3:17-CR-150 (VAB), 2020 WL 6193891, at *6 (D. Conn. Oct. 22, 2020) (slip op.)  (internal quotation marks omitted) (quoting *United States v. Goins*, No. 11-CR-20376, 2020 WL 3064452, at *6 (E.D. Mich. June 9, 2020)).

Other factors, however, weigh in favor of release, including but not limited to the Government's lack of opposition to Mr. Onzures's release. Though the Presentence Report made clear the seriousness of Mr. Onzures's crimes, it also included an observation from the United States Probation Officer that Mr. Onzures had "the talent and potential to maintain a law-abiding lifestyle" based, on, *inter alia*, his fourteen-year period of sobriety, his past work history, and his strong family support. PSR at 21 ¶ 94. The United States Probation Officer further noted that "Mr. Onzures has clearly accepted responsibility for his involvement in the offense of conviction." *Id.* Taken together with the lack of the Government's objection to Mr. Onzures's motion, this gives the Court comfort that Mr. Onzures is unlikely to pose a continued danger to

the community upon his release [1]

Therefore, "[a]lthough his criminal history [may] suggest[] that there is no guarantee that Mr. [Onzures] will no longer be a danger to any other person or the community," the Court finds that the factors discussed above, as well as "the possible reinstatement of a . . . term of incarceration for a violation of conditions of supervised release, coupled with the threat of the coronavirus, provides a sufficient basis" to warrant release. *United States v. Holmes*, No. 3:19-CR-87 (VAB), 2020 WL 4355118, at *4 (D. Conn. June 3, 2020) (slip op.).

Accordingly, having considered all of these factors as well as those set forth in 18 U.S.C. § 3553(a), the Court concludes that they weigh in favor of immediate release.

IV.     **CONCLUSION**

For the reasons explained above, the motion for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A) is **GRANTED**. Mr. Onzures's term of imprisonment is reduced to **TIME SERVED**.

It is **ORDERED** that Mr. Onzures be released from Bureau of Prisons custody by **January 18, 2021** to begin his three (3)-year term of supervised release. All conditions of release from his Judgment on June 18, 2019 shall remain in effect, including but not limited to participating in a program recommended by the Probation Office for mental health treatment and for inpatient or outpatient substance abuse treatment and testing, as directed by the U.S. Probation Office.

Upon release, Mr. Onzures shall get tested for COVID-19, and then self-quarantine for

---

[1] The Court also notes that applications for early reduction of a sentence previously have been granted for BOP inmates held in residential reentry facilities. *See, e.g.*, *United States v. Campagna*, No. 16-CR-78-01 (LGS), 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020) (granting compassionate release for inmate and ordering his immediate transfer from the Brooklyn Residential Reentry Center (the "RCC") to home incarceration).

fourteen (14) days, regardless of the results, unless a positive test result requires another course of treatment, as directed by medical professionals. If the test is positive, he shall promptly report that result to the Bureau of Prisons.

Mr. Onzures is ordered to remain strictly on home incarceration, without work privileges, for thirty (30) days following his release, as to be supervised by the U.S. Probation Office. Following the expiration of the thirty-day time period, Mr. Onzures may move the Court for modification of his conditions of supervised release.

**SO ORDERED** at Bridgeport, Connecticut, this 11th day of January, 2022.

                                                                           /s/ Victor A. Bolden
                                                                           Victor A. Bolden
                                                                           United States District Judge